UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SPENCER NEAL, | ) | CASE NO.: _____ |
| | ) | |
| Plaintiff, | ) | JUDGE _____ |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES:** |
| | ) | |
| CLARENDON STREET ASSOCIATES, | ) | |
| LLC, *et al.*, | ) | **1ST CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| & | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| HIMMEL HOSPITALITY GROUP, INC. | ) | 42 U.S.C. §§ 12181 *et seq*. |
| | ) | |
| Defendants. | ) | **2ND CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| | ) | Violation of Massachusetts Equal Rights |
| | ) | Law, M.G.L. c. 93, §103, *et seq* |

Plaintiff SPENCER NEAL Complains of Defendant CLARENDON STREET

ASSOCIATES, LLC and Defendant HIMMEL HOSPITALITY GROUP, INC. (collectively

"Defendants"), and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical

disabilities, of which plaintiff is a member of, for failure to remove architectural barriers

structural in nature at Defendant's property, a place of public accommodation, thereby

discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to

participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of

1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and Massachusetts civil rights law.

2.  Plaintiff SPENCER NEAL is a person with physical disabilities who, on or about

February 24, 2023, was an invitee, guest, patron, or customer at Defendant's property, which houses THE BANKS FISH HOUSE, located at 406 Stuart Street, Boston, MA 02116. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Massachusetts legal requirements, and NEAL suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.     **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Massachusetts law, whose goals are closely tied with the ADA.

4.     **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action  is located in this district, in the City of Boston, County of Suffolk, State of Massachusetts and that plaintiff's causes of action arose in this district.

**PARTIES:**

5.   Plaintiff SPENCER NEAL is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) NEAL  is a "person with physical disabilities," as defined by all applicable Massachusetts and United States laws. NEAL requires the use of a wheelchair to travel about in public.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2

Consequently, NEAL is a member of that portion of the public whose rights are protected by federal and state accessibility law.

6.   Defendant CLARENDON STREET ASSOCIATES, LLC. a Delaware limited liability company, and Defendant HIMMEL HOSPITALITY GROUP, INC., a Delaware For-Proft Corporation, are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the building and/or buildings which constitute a public facility in and of itself, occupied by THE BANKS FISH HOUSE, a public accommodation, located at/near 406 Stuart Street, Boston, MA 02116, and subject to the requirements of Massachusetts state law requiring full and equal access to public facilities pursuant to Massachusetts accessibility law, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.   At all times relevant to this complaint, Defendants are the lessees, or agents of the lessees, and/or lessors, of said premises, and owns and operates THE BANKS FISH HOUSE as a public facility at/near 406 Stuart Street, Boston, MA 02116. The business, THE BANKS FISH HOUSE, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of federal and state accessibility law.

8.   At all times relevant to this complaint, Defendants are the landlords/lessors, tenants/lessees and the owners and operators of the subject restaurant, a public accommodation located at/near 406 Stuart Street, Boston, MA 02116. As such, Defendants are jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

**§ 36.201       General**

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.   Plaintiff does not know the true names of Defendants, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendants herein are a public accommodation, and are the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendants are the entity that is a public accommodation that owns, leases (or leases to), or operates, THE BANKS FISH HOUSE, located at 406 Stuart Street, Boston, MA 02116. THE BANKS FISH HOUSE, and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990

("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and Massachusetts accessibility law. On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected THE BANKS FISH HOUSE, to handicapped access requirements.

11. Plaintiff SPENCER NEAL is a person with a disability. NEAL is a "physically disabled person," as defined by all applicable Massachusetts and United States  laws. NEAL is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendants advertised, publicized and held out THE BANKS FISH HOUSE, as being handicapped accessible and handicapped usable.

13. On or about February 24, 2023, NEAL was an invitee and guest at THE BANKS FISH HOUSE, arriving for purposes of obtaining lunch.

14. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, NEAL personally encountered architectural barriers which denied him the full and equal access to the property.

15.   Therefore, at said time and place, NEAL, who is a person with disabilities, encountered the following inaccessible elements of the subject THE BANKS FISH HOUSE, which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendants' violations*, the following barriers to access were personally encountered by NEAL within the facility's (1) bar, (2) raw bar, (3) accessible route within the dining area, (4) dining/seating area, (5) and unisex restrooms. While the more mobile customers were happily sitting at the raw bar and in the main dining area, which is comprised of high top

tables and booth tables, Mr. Neal was made to sit under a stairway, around 50 to 100 feet from the other patrons. On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

16. At all times stated herein, the existence of architectural barriers at Defendants' place of public accommodation evidenced "actual notice" of Defendants' intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and Massachusetts accessibility law, either then, now or in the future.

17. As a legal result of Defendants' failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

18. As a further legal result of the actions and failure to act of Defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, NEAL was denied his civil rights to full and equal access to public facilities. NEAL suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal physical injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

19. On information and belief, construction alterations carried out by Defendants has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and Massachusetts accessibility law, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

20. NEAL, as described herein below, seeks injunctive relief to require THE BANKS FISH HOUSE, to be made accessible to meet the requirements of both Massachusetts law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendants operate and/or lease THE BANKS FISH HOUSE, as a public facility. Plaintiff seeks damages for violation of his civil rights, from the date of his visit until such date as Defendants bring the establishment into full compliance with the requirements of Massachusetts and federal law.

21. On information and belief, Defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

22. Because of Defendants' violations, NEAL and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendants to make THE BANKS FISH HOUSE accessible to persons with disabilities.

23. Plaintiff is informed and believes and therefore alleges that Defendants caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of THE BANKS FISH HOUSE, and were denied full and equal use of said public facility. Further, on information and belief, Defendants have continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendants that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such

construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Massachusetts.

24. On information and belief, the subject public facility, THE BANKKS FISH HOUSE, denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of Massachusetts accessibility law.

25. On personal knowledge, information and belief, the basis of Defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting THE BANKS FISH HOUSE, was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendants obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendants' failure, under state and federal law, to make the establishment accessible is further evidence of Defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendants are within Defendants' exclusive control and cannot be ascertained except through discovery.

26.  Plaintiff will return to THE BANKS FISH HOUSE, to  patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

27. Should THE BANKS FISH HOUSE become accessible, NEAL will visit it again

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8

because he will travel through and/or to Suffolk County, Massachusetts in 2023.

28. Furthermore, plaintiff intends to return to THE BANKS FISH HOUSE, as an ADA tester on an annual basis beginning in 2024, to ascertain whether Defendants removed the barriers to access which are the subject of this litigation.

I.   **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLI ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

29. Mr. Neal pleads and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 28 of this complaint.

30. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

31. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with

disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

32.    As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"),

Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

(Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for

purposes of this title was:

(7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
***
(B) a restaurant, bar, or other establishment serving food or drinks ***.

42  U.S.C. §12181(7)(B).

33.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation."

34.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

(i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications

would fundamentally alter the nature of such goods, services,
facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to
ensure that no individual with a disability is excluded, denied
services, segregated or otherwise treated differently than other
individuals because of the absence of auxiliary aids and services,
unless the entity can demonstrate that taking such steps would
fundamentally alter the nature of the good, service, facility,
privilege, advantage, or accommodation being offered or would
result in an undue burden;

(iv) a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
methods are readily achievable.

The acts of Defendants set forth herein were a violation of Mr. Neal's rights under the ADA, 42.

U.S.C. §§ 12181 *et seq.*

35.     On information and belief, construction work on, and modifications of, the

business occurred after the compliance date for the Americans with Disabilities Act, January 26,

1992, independently triggering access requirements under Title III of the ADA; due to the date of

construction, mandatory compliance is required and there is no readily achievable defense.

36.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

*seq.*, §308, Mr. Neal is entitled to the remedies and procedures set forth in §204(a) of the Civil

Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on

the basis of disability in violation of this title or have reasonable grounds for believing that

he is about to be subjected to discrimination in violation of §302. Mr. Neal cannot return to or

make use of the public facilities complained of herein so long as the premises and Defendants'

policies bar full and equal use by persons with physical disabilities.

37.     Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person

with a disability to engage in a futile gesture if such person has actual notice that a person or

organization covered by this title does not intend to comply with its provisions." Pursuant to this

last section, Mr. Neal has not returned to Defendants' premises since on or about February 24,

2023, but on information and belief, alleges that Defendants' have continued to violate the law

and deny the rights of plaintiff and of other persons with physical disabilities to access this

public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . .

injunctive relief shall include an order to alter facilities to make such facilities readily accessible

to and usable by individuals with disabilities to the extent required by this title."

38.     Mr. Neal seeks relief pursuant to remedies set forth in §204(a) of the Civil

Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to

implement the Americans with Disabilities Act of 1990, including but not limited to an order

granting injunctive relief and attorneys' fees. Mr. Neal will seek attorneys' fees conditioned

upon being deemed to be the prevailing party.

Wherefore, plaintiff prays for relief as hereinafter stated.

**II**.    **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
       IN VIOLATION OF THE MASSACHUSETTS EQUAL RIGHTS LAW, M.G.L., C.
       93, §103, ET SEQ.**

39.     Mr. Neal repleads and incorporates by reference as if fully set forth again

herein, the allegations contained in paragraphs 1 through 35 of this complaint.

40.     At all times relevant to this action, THE BANKS FISH HOUSE**,** and the business

therein, are "places of public accommodation" as defined pursuant to M.G.L. c. 272 § 92A, *et*

*seq*.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12

41. Defendants' committed an unlawful act pursuant to M.G.L. c. 93 § 103, *et seq*., by denying Mr. Neal his full and equal enjoyment of its goods, services, accommodations, advantages, facilities, or privileges at its place of public accommodation because of a disability, as prohibited by M.G.L. c. 93 § 103, *et seq*.

42. Mr. Neal has desired and attempted to enjoy the goods and services at the THE BANKS FISH HOUSE as a customer. He has been prevented from doing so do to the existing architectural barriers at the property. As a result, he has been distressed and inconvenienced thereby, and is entitled to compensatory and exemplary damages for his injuries, as provided for in M.G.L. c. 93 § 103, *et seq*.

43. As a result of being denied full access to the property, Mr. Neal has suffered, and will continue to suffer, personal physical injury, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

44. Pursuant to Massachusetts law, Mr. Neal is entitled to compensatory and exemplary damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $50,000.00, as well as issuance of an injunction requiring Defendants' to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

Wherefore, Mr. Neal prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff Spencer Neal prays that this court grant relief and damages as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.      For injunctive relief, compelling Defendants' to make THE BANKS FISH HOUSE readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if Mr. Neal is deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

## II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE MASSACHUSETTS EQUAL RIGHTS LAW, M.G.L. c. 93 § 103, *ET SEQ.*

4.      For injunctive relief, compelling Defendants to make THE BANKS FISH HOUSE, readily accessible to and usable by individuals with disabilities, per state law.

5.      General and compensatory damages according to proof;

6.      All compensatory damages for each day, from the inception of the filing of this complaint, on which Defendants have failed to remove barriers which denied Mr. Neal and other persons with disabilities full and equal access.

7.      Attorneys' fees pursuant to Massachusetts law, if Mr. Neal is deemed the prevailing party;

8.      Exemplary damages, pursuant to Massachusetts law;

9.      For all costs of suit;

10.     Prejudgment interest pursuant to Massachusetts law; and

11.     Such other and further relief as the court may deem just and proper.

Respectfully submitted,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 14

_/s/ EDWARD N. GARNO JR._
EDWARD N. GARNO JR. (#564378)
P O Box 643
Lowell, MA 01853
(978) 397-2400
nedgarno@hotmail.com

Attorney for Plaintiff SPENCER NEAL


Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

_/s/ COLIN G. MEEKER –_
_PRO HAC VICE FORTHCOMING_
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, Massachusetts 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff SPENCER NEAL